**JIAN ZHONG WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–76281.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2007.

Submission deferred July 20, 2007.

Resubmitted Sept. 10, 2007.

Filed Sept. 13, 2007.

Allan A. Samson, Esq., San Francisco, CA, Edward C. Dumont, Esq., Demian S. Ahn, Esq., Ravi A. Faiia, Esq., Wilmer Cutler Pickering Hale & Dorr, LLP, Washington, DC, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Genevieve Holm, Esq., Greg D. Mack, Esq., Melissa Leibman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Julie C. Dudley, Asst. U.S. Attorney, Roanoke, VA, for Respondent.

Before: HUG, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

Petitioner Jian Zhong Wang seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), which affirmed a removal order issued by Immigration Judge ("IJ") Miriam Hayward. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Wang, a native and citizen of China, seeks asylum under § 208 of the Immigration and Nationality Act, 8 U.S.C. § 1158(b)(1), based on alleged persecution he suffered on account of his father's practice of Falun Gong. During removal proceedings, Wang testified that he was assaulted and threatened with death and imprisonment during a confrontation between the police and his parents at his parents' home. The IJ found that Wang failed to testify credibly that he experienced past persecution or had a well-founded fear of future persecution. The IJ further found that, even accepting Wang's testimony as true, he failed to establish fear of future persecution based on one of the five protected grounds. For those reasons, the IJ denied Wang's application for asylum and issued an order of removal. The BIA affirmed the order of removal and agreed with the IJ's adverse credibility determination. The BIA declined to address whether Wang's testimony, taken as true, would establish fear of future persecution on one of the five protected grounds. Wang then appealed the BIA's decision to this court.

We review for substantial evidence the factual determinations underlying a denial of asylum. 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, to reverse the BIA's findings, we must find that the evidence not only supports the opposite conclusion, "but *compels* it." *Elias–Zacarias,* 502 U.S. at 481 n. 1, 112 S.Ct. 812; *see also Zi Zhi Tang v. Gonzales,* 489 F.3d 987, 989–90 (9th Cir.2007).

In this case, the BIA found that Wang failed to testify credibly because, *inter alia,* he offered conflicting and inconsistent testimony regarding when he learned that his parents had been arrested. There is substantial evidence in the record to support the BIA's conclusion. Specifically, Wang maintained throughout direct and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cross-examination that he did not know his parents were arrested until after arriving in the United States. When the IJ questioned Wang, however, Wang testified that he learned of his parents' arrest from an uncle before leaving China. Wang's conflicting testimony regarding when he learned of his parents' arrest goes to the heart of his claim because the issue bears directly on whether the sole incident on which Wang's claim is based actually occurred. *See Smolniakova v. Gonzales,* 422 F.3d 1037, 1044 (9th Cir.2005). Consequently, the BIA offered "specific, cogent reasons" for its adverse credibility determination. *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006). The record does not compel a contrary conclusion.

**PETITION FOR REVIEW DENIED.**